# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

|  |  |  |
|---|---|---|
| ALEXANDRIA H. CULP, | * | |
| | * | |
| Plaintiff, | * | Case No: |
| | * | |
| vs. | * | |
| | * | |
| US STAR 39, LLC D/B/A NEWK'S | * | JURY DEMANDED |
| EATERY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## COMPLAINT

Alexandria H. Culp, through counsel, hereby sues the Defendant, US Star 39, LLC for pregnancy discrimination under the Pregnancy Discrimination Act of 1978, 42 U.S.C. 21 § 701(k) et seq. and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq., and for compensation violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq (FLSA). For her cause of action, Plaintiff states as follows:

## PARTIES

1.  Plaintiff Alexandria Culp is an adult citizen and resident of Hamilton County, Tennessee. Ms. Culp was employed by Defendant from approximately April 2019 until her termination in June of 2019.

2.  Defendant, US Star 39, LLC, is a Georgia corporation with its principle office in Fulton County, Georgia. Defendant's Tennessee registered agent is C T Corporation System, who is located at 800 S Gay Street, Suite 2021, Knoxville TN 37929-9710. Defendant employed Ms. Culp at a location in Hamilton County, Tennessee, at times relevant to this Complaint.

1

## JURISDICTION AND VENUE

3.       Jurisdiction and venue are proper in this Court because Defendant does business in Hamilton County, Tennessee, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Hamilton County, Tennessee.

## FACTUAL ALLEGATIONS

4.       Upon information and belief, Defendant operated Newk's Eatery at 2380 Lifestyle Way Unit 135, Chattanooga, TN, 37421 in Hamilton County, Tennessee.

5.       Defendant employed Plaintiff from April 2019 to June 2019.

6.       Defendant hired Plaintiff as a front-of-house employee.

7.       Defendant paid Plaintiff on an hourly basis.

8.       Around the time that Plaintiff began working for Defendant, Plaintiff reported her pregnancy to Defendant.

9.       Once Defendant became aware of Plaintiff's pregnancy, Defendant began gradually reducing Plaintiff's hours.

10.      Defendant eventually removed Plaintiff from the schedule entirely.

11.      In June of 2019, Plaintiff called Defendant to ask why she had been taken off the schedule.

12.      On June 3, 2019, Defendant informed Plaintiff that her employment was terminated because she was pregnant, and Defendant did not believe that she was "able to perform the duties of [her] job."

13.      Before Plaintiff was terminated, and throughout her employment, Plaintiff was frequently asked to "clock out," but to stay on the premises in case she was needed.

2

14.     Plaintiff was not paid for her presence on the premises when she was asked to "clock out."

15.     Plaintiff was frequently on the premises for hours without being allowed to "clock in."

## PREGNANCY DISCRIMINATION

16.     Plaintiff filed an EEOC charge in this case. A Notice of Right to Sue letter was issued to Plaintiff by the EEOC on May 29, 2020. Therefore, Plaintiff has exhausted her administrative remedies by filing a charge of discrimination with the EEOC.

17.     At all relevant times herein, Defendant employed over 15 persons.

18.     At all times relevant herein, Defendant was vicariously liable for the actions and conduct of their employees, agents, and representatives.

19.     Plaintiff alleges that Defendant discriminated against her and discharged her because of her pregnancy in violation of the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

20.     Plaintiff alleges that Defendant discriminated against her and discharged her because of her pregnancy in violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C. 21 § 701(k), et. seq.

21.     Defendant acted with reckless disregard for Plaintiff's protected rights.

22.     As a result of Defendant's culpable acts or omissions as set forth herein, Plaintiff was improperly discriminated against and is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, and attorneys' fees and cost.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

23.     Defendants were "employers" within the meaning of 29 U.S.C § 203(s). Thus,

3

Defendants were subject to the overtime pay requirement of the FLSA.

24.    Plaintiff engaged in commerce or in the production of goods for commerce on an individual basis.

25.    The FLSA, 29 U.S.C. § 201 et seq., requires employers to pay non-exempt employees at the minimum wage for all hours worked and at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

26.    The FLSA, 29 U.S.C. § 785.17 stipulates that an employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call."

27.    Upon information and belief, Plaintiff was required to "clock-out" for payroll purposes when the restaurant was not busy but was required to stay on the premises.

28.    Plaintiff was not compensated for the above described time.

29.    Defendants' violations of the FLSA, set forth above, were willful.

30.    Plaintiff seeks damages in the amount of her unpaid compensation, liquidated damages, interest, and such other legal and equitable relief as the Court deems just and proper.

31.    Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

<u>WHEREFORE PLAINTIFF PRAYS</u>:

(a) That Plaintiff be awarded compensation in an amount to be determined at trial for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

(b) That the Court award Plaintiff the punitive damages allowed by law.

4

(c) That the Court award Plaintiff the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law.

(d) The Court award the Plaintiff such other, further, and general relief to which he may be entitled.

(e) That a JURY be empaneled to try this action.

This the 1st day of June 2020.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

By: _____

W. Baker Gerwig IV; BPR No. 037736
Attorney for Plaintiff
6400 Lee Hwy., Suite 101
Chattanooga, TN 37421
(P): 423.697.4529
(F): 423.634.8886
baker@masseyattorneys.com
*Attorney for Plaintiff*

5